## 11065

### HADDON v. SPARTANBURG COUNTY HIGHWAY COM'N.

#### (114 S. E., 856)

HIGHWAYS—IN ACTION AGAINST HIGHWAY COMMISSION FOR DESTRUCTION OF CROPS AND INJURY TO SOIL, CHARGE ONLY ISSUE WAS AMOUNT OF DAMAGES HELD CORRECT.—Where the complaint alleged that the Highway Commission agreed to pay for all damages to plaintiff's crops and land, and the answer alleged that the agreement between the parties was to pay plaintiff a specified price per acre for damages to his crops and nothing for the soil removed, a charge that the only issue was the amount of damages or compensation, that the plaintiff was entitled to some compensation because defendant had admitted that much was correct.

Before RICE, J., Spartanburg, January 1922.   Appeal dismissed.

Action by W. C. Haddon against Spartanburg County Highway Commission.   Judgment for plaintiff and defendant appeals.

The complaint, answer, and exceptions were as follows:

### COMPLAINT

Plaintiff complaining alleges:

(1) That the defendant, the Spartanburg County Highway Commission, was created by an Act of the General Assembly for the state of South Carolina at the regular session of 1917, for the construction, building, and permanent improvement of the roads, bridges, and culverts of Spartanburg County, and by said Act was authorized and empowered to contract and be contracted with as might seem necessary in carrying out the purposes of said Act.

(2) That the plaintiff is the owner of a tract of land in Spartanburg County, on the south side of the Gap creek road, being the main highway from the city of Spartanburg to Duncan, in said county, containing 100 acres, more or less, bounded by lands of J. W. P. Greer, O. M. Moore, and others.

(3) That during the summer of 1919, the defendant, through its engineers, employees, and servants, undertook the reconstruction of the said public highway upon which the lands of plaintiff front, and with many teams of mules and wagons entered upon plaintiff's land and drove over and destroyed growing crops of cotton of the value of $322.91, and also took and appropriated much valuable top soil from the lands of plaintiff, which was reasonably worth the sum of $100.

(4) That before entering upon the lands of plaintiff the defendant promised to pay to the plaintiff all damages that might be caused by it in its said road building operation and,

relying upon the promise, the plaintiff permitted such entry upon his lands and the appropriation of the top soil.

(5) That the plaintiff has repeatedly requested payment of his account as hereinabove stated, in accordance with said agreement, but no part thereof has been paid.

Wherefore plaintiff demands judgment against the defendant for the sum of $422.91 and the cost of this action.

### Answer

The defendant above named, answering the complaint, respectfully shows to the Court:

(1) That it denies specifically each and every allegation contained in the complaint, and requires strict proof thereof. As a defense to said action, defendant alleges that during the summer of 1919 the defendant obtained permission from the plaintiff to enter upon his lands in said county described in the complaint, and to take therefrom top soil, agreeing to pay defendant for the growing crops thereon the price of $50 per acre. That the defendant was to have the top soil without charge. That the amount of land appropriated was 1.27 acres, defendant tendering to the plaintiff the sum of $76.21, on or about February 2, 1920, but that plaintiff refused to receive the same and returned said amount to the defendant.

(2) And for further defense, the defendant alleges that if any contract or agreement was made with the plaintiff, such as that set forth in the complaint, it was a contract relating to real estate, was not in writing, and is therefore contrary to the statute of frauds in such cases made and provided, and this action cannot be maintained.

Wherefore plaintiff prays that the complaint be dismissed with costs.

### Exceptions

I. Because the Court erred in admitting, over the objection of defendant, the terms of the agreement, when same

concerned real property, was not in writing, and was contrary to the statute of frauds.

II. Because the Court erred in allowing one of the witnesses to testify as to what Mr. Ashmore said concerning the crop damage upon one of the plots, the same being hearsay and not binding upon the defendant.

III. Because the Court erred in refusing defendant's motion for nonsuit on the ground that the complaint and the facts proven in the complaint did not state facts sufficient to constitute a cause of action against the Spartanburg County Highway Commission.

IV. Because the Court erred in refusing defendant's motion for nonsuit on the ground that the complaint and the proof thereunder shows a contract between the County of Spartanburg or the Spartanburg County Highway Commission, and the plaintiff, and the Court of common pleas has no original jurisdiction of a suit against the county on contract.

V. Because the Court erred in refusing to direct a verdict for the defendant on the same grounds that were made on the motion for nonsuit.

VI. Because the Court erred in not directing a verdict for defendant on the ground that there is no law which authorizes a suit against the Spartanburg County Highway Commission, it being a governmental agency.

*Messrs. Nicholls & Wyche,* for appellant, cite: *Contract as to top soil and growing crops must be in writing:* 1 Civ. Code 1912, Sec. 3737. *Jurisdiction of claims against county:* 85 S. C., 297; 24 S. C., 543; 20 S. C., 213; 43 S. C., 398; 77 S. C., 12; 20 S. C., 116.

*Messrs. Bomar, Osborne & Brown,* for respondent, cite: *Statute of Frauds not applicable:* 86 S. C., 310; Case comes within 221 U. S., 636; 109 S. E., 151.

December 16, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages or compensation. The complaint, the answer, and the exceptions will be reported.

The jury rendered the following verdict:

"We find for the plaintiff crop damages, in the amount of $225." His Honor, the presiding Judge, thus concluded his charge to the jury:

"I think to go further into this, would be to confuse the issues. You have got to find for this man some damages, because the county admits it. The only point is how much. At least, if it isn't damages, it is compensation. You have got to find some compensation, because it is admitted that he is entitled to some. The only question—How much?

"Mr. Wyche: Yes; we admit we owe him $76.21.

"The Court: Gentlemen, determine the amount. That is the only question in this case."

His Honor, the presiding Judge, correctly stated the only issue that was to be determined by the jury.

The exceptions are overruled, and the appeal dismissed.